THE HONORABLE RONALD B. LEIGHTON

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TRACIE K. KENDALL, QUI TAM
PLAINTIFF, for and on behalf of the United
States of America,

        Plaintiff,

vs.

CHIEF LESCHI SCHOOL, INC., the
PUYALLUP TRIBE OF INDIANS,

        Defendant.

Case No.: C07-5220 RBL

ORDER

This matter is before the Court on Defendants Chief Leschi School, Inc.'s and Puyallup Tribe of Indians' Rule 12(b)(1) Motion to Dismiss for lack of subject matter jurisdiction based on the tribe's sovereign immunity. [Dkt # 35]. In response, Plaintiff seeks a Stay for purposes of conducting discovery into what she apparently contends is a waiver of sovereign immunity. Having considered the motions and related filings of the parties, the Court DENIES the Motion for a Stay and DISMISSES the case for lack of subject matter jurisdiction. All other pending Motions are DENIED as moot.

## I. Parties

Qui Tam Plaintiff Tracie K. Kendall is a former employee of Chief Leschi School District who claims she was fired in retaliation for investigating fraud against the United States [Dkt # 1, at 7-8]. She seeks relief under the Federal Whistle Blower Protection Act, 31 U.S.C. § 1730, and the False Claims Act, 31 U.S.C. § 3730. The United States Attorney has declined to intervene in the action [Dkt # 14].

Defendant Chief Leschi School, Inc. (the School) is a corporation which operates the school district for Defendant Puyallup Tribe of Indians (the Puyallup). The Puyallup are a federally recognized Indian tribe with lands in Pierce County, Washington.

## II. Decision

Federal law grants sovereign immunity to tribes. *Kiowa Tribe of Oklahoma v. Mfg. Techs., Inc.*, 523 U.S. 751, 754 (1998); *see generally Puyallup Tribe v. Department of Game*, 433 U.S. 165 (1977). Immunity can only be waived through the consent of the tribe or an act of Congress. *C & L Enterprises, Inc. v. Citizen Band Potawatomi Indian Tribe of Oklahoma*, 532 U.S. 411, 418 (2001); *Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe*, 498 U.S. 505, 509 (1991).

No waiver has taken place. First, the False Claims Act does not waive sovereign immunity. *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 779 (2000) (holding a sovereign is not a "person" subject to a False Claims Act suit). As a sovereign, the Puyallup, like the State of Vermont, are free from suit under this act. Second, there is nothing in the pleadings to indicate that the Puyallup have waived their sovereign immunity. The Court lacks subject matter jurisdiction over the Puyallup.

This immunity extends to subordinate entities of a tribe when the entity exists to perform "acts as an arm of the tribe." *Allen v. Gold Country Casino*, 464 F.3d 1044, 1046 (9th Cir. 2006); *Hagen v. Sisseton-Wahpeton Community College*, 205 F.3d 1040, 1043 (8th Cir. 2000). As a school, defendant School performs such a function and is protected under the umbrella of sovereign immunity. *Accord. Hagen*, 205 F.3d at 1043. The Court lacks subject matter jurisdiction over the School.

The Court is not convinced that any amount of discovery into this issue will change this result. The Plaintiff's suggestion that the well-established doctrine of tribal sovereign immunity is unconstitutional is directly contrary to ample Supreme Court and Ninth Circuit precedent on this issue which cannot and will not be overturned here.

//

/

Sovereign immunity protects both Defendants, and their motion to Dismiss is GRANTED. The Plaintiff's Motion to Stay is DENIED and this case is DISMISSED.

DATED this 3rd day of September, 2008.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE